### ALLEN FENTON V. THE STATE.

*No. 1048. Decided December 1.*

**Plea of Former Acquittal—Demurrer to.—**It is error to sustain a demurrer to a plea of former acquittal which sets up facts that should be submitted to a jury under proper instructions, and which, if found to be true, might establish the validity and sufficiency of the plea.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. JAMES T. POLLEY.

This appeal is from a conviction for theft of a steer, the property of one Johnson Hill. The punishment assessed was a term of two years in the penitentiary.

No statement is necessary.

No briefs found to be reported.

DAVIDSON, JUDGE.—Appellant was acquitted of the theft of one head of cattle, under an indictment in which it was alleged to be the property of an unknown owner. Subsequently the indictment in this case was presented, charging him with the theft of the same animal from Johnson Hill. In bar of this prosecution he pleaded his acquittal under the former indictment. His plea in bar, on demurrer by the State, was stricken out. If the appellant could have been convicted under the former indictment the plea is good, and the demurrer should have been overruled. If the grand jury used proper diligence in trying to discover the owner in the first case and failed, and this fact was or could have been shown upon the former trial, there

would have been no variance, and in so far as that matter was concerned the former indictment was good, and a conviction could have been maintained upon it. This is well settled under the authorities.

This was a question of fact, and could have been proved, if true, under the plea of former acquittal interposed by appellant. The court erred in sustaining the demurrer. The question should have been submitted to the jury under appropriate instructions.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.